*Supp. 3 Opinion
COLE, J.
We here reverse defendant’s conviction resulting from his plea of guilty of a violation of Vehicle Code section 23123. We hold that the plea was coerced because of the trial court’s arbitrary refusal to exercise its discretion whether defendant, unable to raise bail, should be released upon his own recognizance.
I
Facts
Defendant was charged in count I of a complaint with a misdemeanor violation of section 41.27, subdivision'(c), of the Los Angeles Municipal Code.[1] In count II defendant was charged with violating Vehicle Code section 23123 in that he had an open container of an alcoholic beverage in his motor vehicle.
Defendant was released on his own recognizance by the police department on the day of his arrest and was directed to appear for arraignment in respondent court one week later. He duly appeared, the public defender was appointed to represent him, a plea of not guilty was entered, and the action was set for trial on June 12.
At this point the trial court (Judge Zimmerman) informed defendant that Judge Crahan had adopted a policy that “. . . henceforth all low grade misdemeanors should have bail set on them even though they had been released O.R. by the police agency. . . .” [s/c] Judge Zimmerman said that the reason was that many defendants released on their own recognizance were failing to appear for trial, necessitating costly bench warrant proceedings. Judge Zimmerman then proposed to fix bail at $35. Defendant stated that he could not post bail since his only income was $25 a week from unemployment insurance and that was all he had to live on.
The matter was transferred to Judge Crahan who stated that the bail would be reduced to $25. The defendant said he could not post the amount. Judge Crahan told him that he would have to post bail or go to *Supp. 4 jail. Although the judge was told that Judge Zimmerman had been willing to allow defendant to remain on his “O.R.” for two weeks to give him time to post bail, Judge Crahan refused a continuance stating that defendant would have to post bail that day. The engrossed statement on appeal then shows that the following occurred: “Mr. Arnold stated that he did not want to go to jail and because he couldn’t post bail and because he wanted to get the case over with today, he would change his plea from not guilty to guilty. Defense counsel protested to Judge Crahan that this was an abuse of discretion in that defendant had previously been released on an ‘OR.’ Judge Crahan said something to the effect that if counsel was displeased, he could take a writ.”
A negotiated “plea bargain” ensued. Defendant pleaded guilty to the Vehicle Code charge. The other count was dismissed, time was waived for sentence, imposition of sentence was suspended and the defendant was placed on summary probation for 12 months on the condition that he pay a fine of $25 plus a penalty assessment or serve 1 day in the county jail. Other conditions, not relevant here, were imposed and a six-day stay on payment of the fine was granted.
The docket further reveals that, being unable to pay the fine, defendant surrendered to the court and was committed to the county jail a few days later.
II
The Involuntary Nature of the Plea
It does not take extended discussion to determine that the plea of guilty was coerced. Although the People attempt to argue to the contrary, it is ciystal clear from the candid engrossed statement on appeal that defendant pleaded guilty simply in order to avoid having to go to jail because he could not afford $25 bail. The plea in these circumstances cannot be allowed to stand; its entry offends elementary concepts of due process since it clearly overreached defendant’s free will and judgment (People v. Schwarz (1927) 201 Cal. 309, 314 [267 P. 71]; see also People v. Grant (1929) 97 Cal.App. 60 [274 P. 1005, 275 P. 838]).
Arguing against this conclusion, the People urge that defendant did not have a right to be released on his own recognizance and that “The fact that the trial court chose to exercise its discretion in setting bail in this matter is not evidence of coercion.” This view misstates the record *Supp. 5 since, as is obvious, the trial court never exercised its discretion at all although it clearly was required to do so. We proceed to examine this subject.
Ill
Exercise of Discretion With Respect To Release on Own Recognizance
As noted above, the record indicates that at least two judges, in the trial court purported to carry out a policy of denying defendant release on his own recognizance, not because of any factors concerning defendant himself but simply because “so many [low-grade misdemeanants] were failing to show up for their trial.” This was error.
1. Defendant had been released on his own recognizance by the police, presumably pursuant to Penal Code section 853.6.[2] Defendant promptly appeared for arraignment. The probability that defendant will appear at the trial or hearing of his case is one of the matters which the trial judge must take into consideration in fixing the amount of bail (Pen. Code, § 1275), the other being the seriousness of the offense charged and the previous criminal record of the defendant. (Id.) Defendant here had been released pursuant to Penal Code section 853.6. Subdivision (e) of that section indicates that any bail to be fixed for him must meet the criteria of section 1275. In fixing bail the court below did not follow these criteria.
2. Being charged at the most with a misdemeanor (the municipal code violation) defendant, of course, was entitled to be released on bail as a matter of right (Pen. Code, § 1271). Upon good cause being shown, any court which could release a defendant from custody upon his giving bail may release him on his own recognizance if it appears to the court that the defendant will surrender himself as agreed (Pen. Code, § 1318). Penal Code section 1318.2, however, states that: “The powers granted to a court or magistrate by this article [dealing with release on one’s own recognizance] are purely discretionaiy and permissive. This article does *Supp. 6 not give any defendant the right to be released on his own recognizance.”
The discretion granted to a court by statute “ ‘is not ... an arbitraiy discretion to do abstract justice according to the popular meaning of that phrase, but is a discretion governed by legal rules to do justice according to law____’ ” (In re Podesto (1976) 15 Cal.3d 921, 933 [127 Cal.Rptr. 97, 544 P.2d 1297], quoting from Ex Parte Hoge (1874) 48 Cal. 3, 5. Podesto and Hoge are cases dealing with the discretionary right of a convicted felon to bail on appeal.) The cases are clear, in connection with bail, that the discretion given to a trial court is to be exercised in the light of all the attending circumstances (In re Scaggs (1956) 47 Cal.2d 416, 418-419 [303 P.2d 1009]; In re Brumback (1956) 46 Cal.2d 810, 813 [299 P.2d 217]). A trial court may not decline to exercise its discretion. That is what occurred here.
3. There is not one shred of evidence that the court even purported to do other than apply inexorably a rule that those accused of “low-grade misdemeanors” must put up bail. In analogous circumstances, where the exercise of a discretion whether to detain or release one accused of an offense is involved, the Supreme Court has made it abundantly clear that these cases should be considered on their individual merits. In In re Podesto, supra, 15 Cal.3d 921, the court discussed the factors to be considered in connection with granting or denying bail on appeal. The court also emphasized “that governmental decisions which affect important individual interests should be accompanied by at least a brief statement of reasons explaining the basis for such decision” (15 Cal.3d at p. 926), and imposed a requirement that trial courts in the future articulate their reasons for granting or denying bail on appeal. In In re William M. (1970) 3 Cal.3d 16 [89 Cal.Rptr. 33, 473 P.2d 737], a case involving the release from custody of a juvenile prior to a jurisdictional hearing, the court held it improper for the juvenile court to have adopted a policy of automatically committing to custody any juvenile charged with selling marijuana. The Supreme Court held that a failure to consider the youth’s case on its individual merits absorbed the individual into a stereotype and was “[a] mechanized, mass treatment of offenders [which] violates our deep conviction that each individual should personally obtain the protection of due process of law ....” (3 Cal.3d at p. 31.)
4. The statutes which deal with release of a defendant on his or her own recognizance themselves recognize that a trial court should take account of individual circumstances in reaching its decisions. Thus, *Supp. 7 Penal Code section 1318.6 provides that after a defendant has been released on his own recognizance “pursuant to this article” the court may require the defendant to give bail or other security “upon a finding, made in open court that the defendant has failed to appear or has violated any condition of the order releasing him on his own recognizance, or that there has been a change of circumstances which increases the risk of failure to appear, or that additional facts have been presented which were not shown at the time of the original order releasing the defendant on his own recognizance.” (Italics added.) This statute literally applies only to defendants previously released by the court and not to a defendant, such as appellant, who was released by a police agency. The requirement of a finding was inserted in the statute in 1974. It suggests a legislative concern for individual consideration of the circumstances of each defendant. No reason appears why the same consideration should not be given to a defendant released by the police as to one released by the court.
For all of these reasons we hold that the articulated policy of the municipal court reflected in this record improperly deprived defendant of the individual consideration to which he was entitled, and constituted an abuse of discretion on the part of the court, leading to his coerced plea.
IV
Disposition
Defendant pleaded guilty to an infraction violation of the Vehicle Code, an offense punishable upon first conviction by a fine not exceeding $50 (Veh. Code, § 42001, subd. (a)). While Penal Code section 1203b authorizes a court to grant summary probation in an infraction case, it is questionable whether the court had the power to order defendant to serve a day in jail if the fine were not paid. Penal Code section 19c expressly provides that an infraction is not punishable by imprisonment and section 1203.1 of that code states that probation conditions may not include imprisonment for a period exceeding the maximum time fixed by law in the case. We need not linger with the problem of the legality of the sentence. Under the circumstances of this case, defendant has already served a day of confinement in lieu of paying a fine. The trial court clearly indicated its intentions that a $25 fine was the proper penalty for the offense involved here, imprisonment being in lieu thereof. It would exceed the bounds of reason to require a defendant *Supp. 8 accused of an offense of this nature to now undergo trial. Accordingly, we reverse the judgment with directions that the trial court dismiss the complaint.
Marshall, P. J., and Alarcon, J., concurred.

This provision prohibits the drinking of alcoholic beverages in any public place in Los Angeles not licensed for the consumption of such beverages on the premises. The charge under this count was dismissed following defendant’s plea of guilty described above.

Section 853.6 provides a citation. procedure under which persons arrested for misdemeanors may be released. Section 853.5 of the Penal Code makes the same procedure applicable to those arrested for infraction offenses. The code section indicates a preference for persons to be released under the citation procedure, since it requires the officers to indicate in writing the reasons why the procedure is not followed if that turns out to be the case. (Pen. Code. § 853.6, subd. (j).)