**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERRIS EDGERLY,<br>*Plaintiff-Appellant*,<br><br>v.<br><br>CITY AND COUNTY OF SAN<br>FRANCISCO; DAVID GOFF; JOHN<br>CONEFREY,<br>*Defendants-Appellees*. | No. 11-15655<br><br>D.C. No.<br>3:03-cv-02169-<br>CRB<br><br>OPINION |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Argued and Submitted
March 11, 2013—San Francisco, California

Filed April 10, 2013

Before: John T. Noonan, Jr., Raymond C. Fisher, and
Jacqueline H. Nguyen, Circuit Judges.

Opinion by Judge Fisher

## SUMMARY[*]

### Civil Rights

The panel affirmed in part and vacated in part the district court's judgment, entered following a jury trial, and remanded in this 42 U.S.C. § 1983 action alleging unlawful search and false arrest.

The panel held that California Penal Code § 853.5 provides the exclusive grounds for the custodial arrest of a person arrested for an infraction.  The panel rejected defendants' argument that California Penal Code § 853.6(i), which provides additional broader grounds for the custodial arrest of a person arrested for a misdemeanor, also applied to the nonrelease of a person arrested for an infraction.  The panel therefore vacated the judgment in favor of the defendants on  plaintiff's state law false arrest claim and remanded for further proceedings.

The panel affirmed the district court's judgment in favor of defendants on plaintiff's unlawful search claim.  The panel held that plaintiff had not shown that the district court's error on the false arrest claim tainted the jury's finding that he was not subjected to a strip search.

---

[*] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Gregory M. Haynes, San Francisco, California, for Plaintiff-Appellant.

Sean F. Connolly, Deputy City Attorney, San Francisco, California, for Defendants-Appellees.

## OPINION

FISHER, Circuit Judge:

This appeal requires us to decide when a person arrested for an infraction may be taken into custody under California law. California Penal Code § 853.5 provides three narrow grounds for the nonrelease of a person arrested for an infraction. California Penal Code § 853.6(i) provides 10 broader grounds for the nonrelease of a person arrested for a misdemeanor. The defendants argue – and the district court ruled – that the grounds for custodial arrest specified in § 853.6(i) apply not only to misdemeanors but also to infractions. We disagree. Consistent with decisions of the California Court of Appeal and the statute's plain language, we hold that Penal Code § 853.5 provides the exclusive grounds for custodial arrest of a person arrested for an infraction. We therefore vacate the judgment in favor of the defendants on the plaintiff's state law false arrest claim and remand for further proceedings.

## BACKGROUND

In 2000, Erris Edgerly was standing by himself inside a playground at the Martin Luther King/Marcus Garvey

Housing Cooperative in San Francisco, where he was not a resident.  The playground was surrounded by a fence and had "No Trespassing" signs posted at every entrance.  Two San Francisco Police Department officers, John Conefrey and David Goff, arrested Edgerly for trespassing.  The officers conducted a pat-down search, then transferred Edgerly to the Park Police Station, where they performed an additional search.  The search did not reveal any contraband and Sergeant Frederick Schiff, the police supervisor on duty at the time, authorized the officers to issue Edgerly a citation for trespass and release him.  Edgerly was cited and released.  Edgerly was not prosecuted for trespass or any other offense.

Edgerly filed this 42 U.S.C. § 1983 action against Goff, Conefrey, Schiff and the City and County of San Francisco, alleging that Goff and Conefrey unlawfully arrested and searched him in violation of the Fourth Amendment, and that Schiff and the City were liable for the officers' unconstitutional actions.  Edgerly also asserted various state tort claims, including, as relevant here, claims for false arrest and unlawful search.

The case went to trial and, at the close of evidence, the district court granted the defendants' motion for judgment as a matter of law on Edgerly's false arrest claim.  The court ruled that, as a matter of law, Goff and Conefrey had probable cause to arrest Edgerly under California Penal Code § 602(*l*) (now § 602(m)) or § 602.8.  Edgerly appealed.[1]

---

[1] For the procedural history on Edgerly's remaining claims, which are not relevant to this appeal, see *Edgerly v. City & County of San Francisco*, 599 F.3d 946, 951–53 (9th Cir. 2010).

On appeal, we held that the officers lacked probable cause to arrest Edgerly under § 602(*l*) but that probable cause for an arrest existed under § 602.8. *See Edgerly v. City & Cnty. of S.F.*, 599 F.3d 946, 954 (9th Cir. 2010).[2]  We held, however,

---

[2] Section 602.8 provides in relevant part:

> (a) Any person who without the written permission of the landowner, the owner's agent, or the person in lawful possession of the land, willfully enters any lands under cultivation or enclosed by fence, belonging to, or occupied by, another, or who willfully enters upon uncultivated or unenclosed lands where signs forbidding trespass are displayed at intervals not less than three to the mile along all exterior boundaries and at all roads and trails entering the lands, is guilty of a public offense.
>
> (b) Any person convicted of a violation of subdivision (a) shall be punished as follows:
>
> > (1) A first offense is an infraction punishable by a fine of seventy-five dollars ($75).
> >
> > (2) A second offense on the same land or any contiguous land of the same landowner, without the permission of the landowner, the landowner's agent, or the person in lawful possession of the land, is an infraction punishable by a fine of two hundred fifty dollars ($250).
> >
> > (3) A third or subsequent offense on the same land or any contiguous land of the same landowner, without the permission of the landowner, the landowner's agent, or the person in lawful possession of the land, is a misdemeanor.

Cal. Penal Code § 602.8(a)–(b).

that the officers lacked authority under state law to place Edgerly into custody.  *See id.* at 956.  We explained that

> a first offense under section 602.8(a) is punishable only as an infraction and, under California law, "[i]n all cases . . . in which a person is arrested for an infraction," custodial arrest is authorized "[o]nly if the arrestee refuses to sign a written promise [to appear], has no satisfactory identification, or refuses to provide a thumbprint or fingerprint."  Cal. Penal Code § 853.5(a).
>
> Here, because the Officers did not testify that Edgerly met any of these three requirements, or that they had reason to believe that he previously violated section 602.8(a), the custodial arrest was not authorized by state law. . . .  We therefore reverse and remand for further proceedings on this state law claim.

*Id.* at 959 (alterations in original but last ellipsis added).[3]

---

[3] Section 853.5(a) provides:

> Except as otherwise provided by law, in any case in which a person is arrested for an offense declared to be an infraction, the person may be released according to the procedures set forth by this chapter for the release of persons arrested for an offense declared to be a misdemeanor.  In all cases, except as specified in Sections 40302, 40303, 40305, and 40305.5 of the Vehicle Code, in which a person is arrested for an infraction, a peace officer shall only require the arrestee

On remand, the defendants raised a new argument that Edgerly's custodial arrest was authorized by Penal Code § 853.6(i).[4]   On its face, § 853.6(i), which specifies 10

---

to present his or her driver's license or other satisfactory evidence of his or her identity for examination and to sign a written promise to appear contained in a notice to appear.  If the arrestee does not have a driver's license or other satisfactory evidence of identity in his or her possession, the officer may require the arrestee to place a right thumbprint, or a left thumbprint or fingerprint if the person has a missing or disfigured right thumb, on the notice to appear.  Except for law enforcement purposes relating to the identity of the arrestee, no person or entity may sell, give away, allow the distribution of, include in a database, or create a database with, this print.  Only if the arrestee refuses to sign a written promise, has no satisfactory identification, or refuses to provide a thumbprint or fingerprint may the arrestee be taken into custody.

Cal. Penal Code § 853.5(a).

[4] Section 853.6(i) provides:

Whenever any person is arrested by a peace officer for a misdemeanor, that person shall be released according to the procedures set forth by this chapter unless one of the following is a reason for nonrelease, in which case the arresting officer may release the person, except as provided in subdivision (a), or the arresting officer shall indicate, on a form to be established by his or her employing law enforcement agency, which of the following was a reason for the nonrelease:

(1) The person arrested was so intoxicated that he or she could have been a danger to himself or herself or to others.

(2) The person arrested required medical examination or medical care or was otherwise unable to care for his or her own safety.

(3) The person was arrested under one or more of the circumstances listed in Sections 40302 and 40303 of the Vehicle Code.

(4) There were one or more outstanding arrest warrants for the person.

(5) The person could not provide satisfactory evidence of personal identification.

(6) The prosecution of the offense or offenses for which the person was arrested, or the prosecution of any other offense or offenses, would be jeopardized by immediate release of the person arrested.

(7) There was a reasonable likelihood that the offense or offenses would continue or resume, or that the safety of persons or property would be imminently endangered by release of the person arrested.

(8) The person arrested demanded to be taken before a magistrate or refused to sign the notice to appear.

(9) There is reason to believe that the person would not appear at the time and place specified in the notice. The basis for this determination shall be specifically stated.

(10) The person was subject to Section 1270.1.

The form shall be filed with the arresting agency as soon as practicable and shall be made available to any

grounds for nonrelease, applies only to misdemeanors. The defendants argued, however, that § 853.6(i) applies to infractions as well, relying on the first sentence of § 853.5(a), which states: "[e]xcept as otherwise provided by law, in any case in which a person is arrested for an offense declared to be an infraction, *the person may be released according to the procedures set forth by this chapter for the release of persons arrested for an offense declared to be a misdemeanor*." Cal. Penal Code § 853.5(a) (emphasis added).

The district court agreed with the defendants that "these ten exceptions from section 853.6 are incorporated into section 853.5." In support of this conclusion, the district court cited *People v. Arnold*, 132 Cal. Rptr. 922, 925 n.2 (App. Dep't Super. Ct. 1976), and California Criminal Procedure § 3:58 (2010-11 ed.).

Having decided that § 853.6(i) applies to infractions, the district court permitted three of § 853.6(i)'s grounds for nonrelease to be submitted to the jury. *See* Cal. Penal Code § 853.6(i)(4), (7).[5] The jury determined that these grounds

---

party having custody of the arrested person, subsequent to the arresting officer, and to any person authorized by law to release him or her from custody before trial.

Cal. Penal Code § 853.6(i).

[5] The verdict form asked:

1. Given what you find the officers knew, did they transfer Mr. Edgerly to the station to determine whether Mr. Edgerly had any: (a) Outstanding warrants; [or] (b) Stay-away orders, holds, admonishments, or other restrictions?

for nonrelease applied to Edgerly's arrest. As a result, the district court entered judgment in favor of the defendants on Edgerly's false arrest claim. Edgerly once again appeals.

## STANDARD OF REVIEW

The district court's interpretation of state law is reviewed de novo. *See Lahoti v. Vericheck, Inc.*, 636 F.3d 501, 505 (9th Cir. 2011).

## DISCUSSION

## I.

Edgerly was arrested for trespass under Penal Code § 602.8. A first or second offense under § 602.8 is an infraction. *See* Cal. Penal Code § 602.8(b). Penal Code § 853.5(a) governs when a person arrested for an infraction can be taken into custody. It provides:

---

2.  Given what you find the officers knew, did they believe that there was a reasonable likelihood that Mr. Edgerly's trespass offense would continue or resume if the officers did not transport him from the scene of the arrest?

3.  Given what you find the officers knew, was it reasonable for them to believe that the safety of persons (including Officers Goff and Conefrey, Mr. Edgerly, or anyone else) would be imminently endangered by the release of Mr. Edgerly at the scene of the arrest?

The jury answered each of these questions in the affirmative.

[1] Except as otherwise provided by law, in any case in which a person is arrested for an offense declared to be an infraction, the person may be released according to the procedures set forth by this chapter for the release of persons arrested for an offense declared to be a misdemeanor.  [2] In all cases, except as specified in Sections 40302, 40303, 40305, and 40305.5 of the Vehicle Code, in which a person is arrested for an infraction, a peace officer shall only require the arrestee to present his or her driver's license or other satisfactory evidence of his or her identity for examination and to sign a written promise to appear contained in a notice to appear.  [3] If the arrestee does not have a driver's license or other satisfactory evidence of identity in his or her possession, the officer may require the arrestee to place a right thumbprint, or a left thumbprint or fingerprint if the person has a missing or disfigured right thumb, on the notice to appear.  [4] Except for law enforcement purposes relating to the identity of the arrestee, no person or entity may sell, give away, allow the distribution of, include in a database, or create a database with, this print. [5]  Only if the arrestee refuses to sign a written promise, has no satisfactory identification, or refuses to provide a thumbprint or fingerprint may the arrestee be taken into custody.

Cal. Penal Code § 853.5(a) (sentence numbering added).

By its express terms, § 853.5(a) specifies only three situations in which custodial arrest is permitted for an infraction: (1) the arrestee refuses to sign a written promise to appear; (2) the arrestee is unable to produce satisfactory identification; or (3) the arrestee refuses to provide a thumbprint or fingerprint.

At the same time, however, § 853.5(a) also expressly incorporates the procedures for release applicable to misdemeanor arrests. Section 853.5(a) thus incorporates, at least in part, § 853.6. The question presented here is whether § 853.5(a) incorporates *all* of § 853.6 – including its grounds for nonrelease in § 853.6(i) – or only *some* of § 853.6. The defendants argue that § 853.5(a) incorporates all of § 853.6, including § 853.6(i), whereas Edgerly argues that § 853.5(a) incorporates only § 853.6's release procedures, not its grounds for nonrelease. We conclude that Edgerly is correct.

"In a case requiring a federal court to apply California law, the court must apply the law as it believes the California Supreme Court would apply it." *Kairy v. SuperShuttle Int'l*, 660 F.3d 1146, 1150 (9th Cir. 2011) (internal quotation marks omitted). In the absence of a controlling California Supreme Court decision, "we follow decisions of the California Court of Appeal unless there is convincing evidence that the California Supreme Court would hold otherwise." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 889 (9th Cir. 2010).

Here, there are two California Court of Appeal decisions on point, and each supports Edgerly's position. In *In re Rottanak K.*, 43 Cal. Rptr. 2d 543 (Ct. App. 1995), the court of appeal stated:

For adults accused of violating penal laws, several types of release are possible. When an adult is arrested for an *infraction* (with the exception of a few specified Veh. Code violations), the arresting officer requires that the person present a driver's license or other satisfactory evidence of identification and sign a promise to appear. *Only if the person refuses to present identification or to sign the promise to appear can he or she be taken into custody.* (Pen. Code, *§ 853.5*.) . . .

When an adult is arrested for a *misdemeanor* and does not demand to be taken before a magistrate, he or she must be released once the arresting officer has prepared a written notice to appear in court and the arrestee has given a written promise to appear as specified in the notice, *unless the officer makes special findings*. (Pen. Code, *§ 853.6, subds.* (a), (d), *(i)*.)

*Id.* at 552–53 (emphasis added). Similarly, in *People v. Williams*, 5 Cal. Rptr. 2d 59 (Ct. App. 1992), the court of appeal stated:

When a person is arrested for an offense declared to be an *infraction*, the person is ordinarily released after the officer prepares a notice to appear and the person arrested gives his written promise to appear in court as specified in the notice. *Only if the arrestee refuses to present written identification or to sign the written promise to appear may he be*

> *taken into custody*.  (Pen. Code, §§ 853.5, 853.6, subd. (a).)

*Id.* at 61 n.1 (emphasis added).  Notably, although *Williams* cited § 853.5 and § 853.6(a), it did not cite § 853.6(i).  Each of these decisions said that § 853.5(a), not § 853.6(i), provides the exclusive grounds for nonrelease of a person arrested for an infraction.  They make clear that § 853.6(i) does not apply to infractions.

We recognize that *Rottanak K.* and *Williams* conflict with *People v. Arnold*, 132 Cal. Rptr. 922, 925 n.2 (App. Dep't Super. Ct. 1976), which stated that § 853.6(j) – now § 853.6(i) – applies to infractions as well as misdemeanors. *Arnold*, however, is a decision of the appellate department of the superior court, which is inferior to the California Court of Appeal and the California Supreme Court.  *See Snukal v. Flightways Mfg., Inc.*, 3 P.3d 286, 300 (Cal. 2000).  The appellate department's decisions are not binding on the California Court of Appeal, *see Carter v. Cohen*, 116 Cal. Rptr. 3d 303, 311–12 (Ct. App. 2010); *Worthington v. Cal. Unemployment Ins. Appeals Bd.*, 134 Cal. Rptr. 507, 510 (Ct. App. 1976), and we do not follow decisions of the appellate department when, as here, they conflict with decisions of the California Court of Appeal, *cf. McSherry v. Block*, 880 F.2d 1049, 1053 n.2 (9th Cir. 1989).  *Arnold*, therefore, does not diminish the respect we owe to *Rottanak K.* and *Williams*.

As noted, "we follow decisions of the California Court of Appeal unless there is convincing evidence that the California Supreme Court would hold otherwise."  *Carvalho*, 629 F.3d at 889.  Here, we find no evidence that the California Supreme Court would depart from these decisions.  On the

contrary, California's rules of statutory construction strongly support *Rottanak K.* and *Williams'* construction of § 853.5(a).

Under California law, "our fundamental task in construing a statute is to ascertain the intent of the lawmakers so as to effectuate the purpose of the statute." *Martinez v. Combs*, 231 P.3d 259, 268 (Cal. 2010) (alteration omitted). "In this search for what the Legislature meant, the statutory language itself is the most reliable indicator, so we start with the statute's words, assigning them their usual and ordinary meanings, and construing them in context." *Id.* (alteration and internal quotation marks omitted). "If the words themselves are not ambiguous, we presume the Legislature meant what it said, and the statute's plain meaning governs." *Id.* "On the other hand, if the language allows more than one reasonable construction, we may look to such aids as the legislative history of the measure and maxims of statutory construction. In cases of uncertain meaning, we may also consider the consequences of a particular interpretation, including its impact on public policy." *Id.*

The defendants' statutory construction argument relies on the first sentence of § 853.5(a). This sentence says:

> *Except as otherwise provided by law*, in any case in which a person is arrested for an offense declared to be an infraction, the person *may be released according to the procedures set forth by this chapter for the release of persons arrested for an offense declared to be a misdemeanor.*

Cal. Penal Code § 853.5(a) (emphasis added). As the defendants point out, this language incorporates "procedures

. . . for . . . release" governing misdemeanors and makes them applicable to infractions, except as otherwise provided by law.  The defendants argue that the grounds for nonrelease specified by § 853.6(i) are "procedures for release" and that they are therefore incorporated by § 853.5(a).  We find this argument unpersuasive.

First, giving the phrase "procedures for release" its natural and ordinary meaning, one would not generally understand that term to extend to grounds for nonrelease. Procedures for release and grounds for nonrelease appear to constitute two different, albeit related, subjects.  There is, therefore, nothing in § 853.5(a)'s plain language to suggest that the legislature intended to incorporate § 853.6(i) in the first instance.

Second, even if § 853.6(i)'s grounds for nonrelease could be considered release procedures (and, hence, potentially subject to incorporation), the first six words of § 853.5(a) – "Except as otherwise provided by law" – would bar that result.  Incorporating § 853.6(i) into § 853.5(a) would conflict with § 853.5(a) itself, which specifies in its fifth and final sentence only three grounds for nonrelease for a person arrested for an infraction.  The grounds for nonrelease specified in § 853.5(a) would therefore control.

Third, it is a general rule of statutory interpretation that "a statutory provision containing a specific enumeration shall take precedence over another couched in more general language."  *People v. Valentine*, 121 Cal. Rptr. 438, 440 (Ct. App. 1975); *see also Robertson v. Willis*, 143 Cal. Rptr. 523, 527 (Ct. App. 1978) ("When specific language conflicts with the general, the specific provisions will prevail.").  As applied here, § 853.5(a)'s specific enumeration of the grounds for

nonrelease of a person arrested for an infraction takes precedence over its general incorporation of misdemeanor "procedures . . . for . . . release."

Fourth, "[i]t is a settled principle of statutory construction, that courts should strive to give meaning to every word in a statute and to avoid constructions that render words, phrases, or clauses superfluous." *In re C.H.*, 264 P.3d 357, 362 (Cal. 2011) (internal quotation marks omitted). If, as the defendants argue, § 853.6(i) determines when a person arrested for an infraction can be taken into custody, then § 853.5(a)'s fifth sentence – "Only if the arrestee refuses to sign a written promise, has no satisfactory identification, or refuses to provide a thumbprint or fingerprint may the arrestee be taken into custody" – serves no purpose.  Under Edgerly's reading, by contrast, every word in § 853.5(a) is given meaning and no words are rendered superfluous.  The first sentence incorporates § 853.6's release procedures (but not its grounds for nonrelease) and the fifth sentence specifies the grounds for nonrelease of a person arrested for an infraction.

Finally, the defendants' interpretation contradicts not only California case law and the statute's plain language but also the leading treatise on California law.  Witkin explains that "[a] person arrested for an infraction is subject to the *release procedure* specified in P.C. 853.6." 4 B.E. Witkin, *California Criminal Law* § 57, at 299 (4th ed. 2012) (emphasis added). When it comes to grounds for nonrelease, however, Witkin states that § 853.6(i) governs misdemeanors and § 853.5(a) governs infractions, as Edgerly argues.  *See id.* § 61, at 301–03.  According to Witkin: "Except as specified in Veh. C. 40302, 40303, 40305, and 40305.5 . . . , a person arrested for an infraction may be taken into custody *only* if he or she

refuses to present satisfactory evidence of identity or refuses to sign the promise to appear. *Otherwise, the person must be released*. (P.C. 853.5.)" *Id.* at 302–03 (emphasis added); *accord* L. Levenson, *California Criminal Procedure* §§ 3:59, 3:64 (2012-2013 ed.) (same).

In sum, we find no convincing evidence that the California Supreme Court would not follow *Rottanak K.* and *Williams*. Consistent with those decisions, the statute's plain language, the rule against superfluity and other persuasive authority, we hold that Penal Code § 853.5 provides the exclusive grounds for custodial arrest of a person arrested for an infraction.[6] We therefore vacate the judgment in favor of the defendants on Edgerly's state law false arrest claim and remand for further proceedings. If there are no further issues pertaining to liability on this claim, the district court should enter judgment in favor of Edgerly and proceed to a trial on damages.

---

[6] The defendants' arguments to the contrary are wholly without merit. Their argument that the second, third and fifth sentences of § 853.5(a) apply only to Vehicle Code infractions is impossible to reconcile with the plain language of the statute and contrary to each of the authorities we have cited. The defendants' argument that the officers were entitled to take Edgerly into custody and transport him to the station house in order "to research" whether this might be his third § 602.8 offense at the same location, a misdemeanor, is highly unpersuasive. As we explained in *Edgerly*, because the officers had no "reason to believe that he had previously violated section 602.8(a), the custodial arrest was not authorized by state law." 599 F.3d at 959. The defendants have pointed to nothing in § 853.5(a) – or any other provision of California law – that authorizes police officers to take a defendant into custody based on nothing more than rank speculation that the defendant may have committed a misdemeanor. The defendants' reliance on 58 Cal. Op. Atty. Gen. 886 (1975) is also misplaced; nothing in § 602.8 grants authorities discretion to treat a first offense as a misdemeanor.

## II.

We reject Edgerly's remaining contentions. First, although his argument to the contrary is understandable, we hold that the district court did not violate the law of the case doctrine or the rule of mandate by submitting Edgerly's false arrest claim to the jury. *See United States v. Thrasher*, 483 F.3d 977, 981 (9th Cir. 2007) ("For the [law of the case] doctrine to apply, the issue in question must have been decided explicitly or by necessary implication in the previous disposition."); *Hall v. City of L.A.*, 697 F.3d 1059, 1067 (9th Cir. 2012) ("[T]he rule of mandate allows a lower court to decide anything not foreclosed by the mandate."). Second, Edgerly has not shown that the district court's error on the false arrest claim tainted the jury's finding that he was not subjected to a strip search. *See GCB Commc'ns, Inc. v. U.S. S. Commc'ns, Inc.*, 650 F.3d 1257, 1262 (9th Cir. 2011) ("We review evidentiary rulings for abuse of discretion, but will not reverse those unless it is more probable than not that an error, if any, tainted the outcome."); *Clem v. Lomeli*, 566 F.3d 1177, 1182 (9th Cir. 2009) ("An error in instructing the jury in a civil case requires reversal unless the error is more probably than not harmless."). The judgment on Edgerly's unlawful search claims therefore stands.

### CONCLUSION

We affirm judgment in favor of the defendants on Edgerly's unlawful search claims. We vacate judgment in

favor of the defendants on Edgerly's state law false arrest claim and remand for further proceedings.  Costs of appeal are awarded to Edgerly.

**AFFIRMED IN PART, VACATED IN PART AND REMANDED.**