**NOT FOR PUBLICATION**

APR 08 2015

UNITED STATES COURT OF APPEALS



FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM AMBROSIO; THOMAS L. CALDWELL; STARLENE CALDWELL; LAWRENCE CAUBLE; NANCY CAUBLE; MAURICE P. CLAY; BARBARA L. CLAY; RAY H. DAWSON; JOLENE DAWSON; JAMES V. EMERY; CAROL A. EMERY; WANDA T. KWONG; PATRICIA M. MCPHERSON; NARASIMHARIAO L. PALAGUMMI; SAMBRAJYA PALAGUMMI; JOHN L. PEACOCK; JOAN A. PEACOCK; ERWIN SI; IRENE GO; RUTHI KAE WELDIN; PIERRETTE TORLONE, | No. 12-17338 <br><br> D.C. No. 3:11-cv-04956-RS <br><br> MEMORANDUM[*] |
|           Plaintiffs - Appellants, | |
|  V. | |
| BRIT UW LIMITED, AKA Certain Underwriters at Lloyd's Under Policy No. B0146LDUSA0701030, | |
|           Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Richard Seeborg, District Judge, Presiding

Argued and Submitted February 12, 2015
San Francisco California

Before: PAEZ and BERZON, Circuit Judges and MORRIS,[**] District Judge.

Several investors, as the assignees of ePlanning's rights against Brit UW Limited ("Brit"), allege that Brit breached its contract with ePlanning and its duty of good faith and fair dealing under California law by refusing to defend ePlanning and to settle the investors' claims. The district court dismissed the investors' first amended complaint with prejudice. We review de novo, *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 911 (9th Cir. 2012) (en banc), and reverse.

1. In this diversity suit, "'the court must apply the law as it believes the California Supreme Court would apply it.'" *Edgerly v. City & Cnty. of San Francisco*, 713 F.3d 976, 982 (9th Cir. 2013) (quoting *Kairy v. SuperShuttle Int'l*, 660 F.3d 1146, 1150 (9th Cir. 2011)). "'Where there is no convincing evidence that the state supreme court would decide differently, a federal court is obligated to follow the decisions of the state's intermediate appellate courts.'" *Beeman v. Anthem Prescription Mgmt., LLC*, 689 F.3d 1002, 1008 (9th Cir. 2012) (en banc) (quoting *Ryman v. Sears, Roebuck & Co.*, 505 F.3d 993, 995 (9th Cir. 2007)). "To

---

[**] The Honorable Brian M. Morris, District Judge for the U.S. District Court for the District of Montana, sitting by designation.

prevail on a claim for breach of the duty to defend, the insured need not prove coverage, but only the possibility of coverage at the time the claim is raised." *Food Pro Int'l, Inc. v. Farmers Ins. Exch.*, 169 Cal. App. 4th 976, 992 (2008).

2. The district court held that there was no possibility of coverage because all of the investors' claims, brought in Financial Industry Regulatory Authority ("FINRA") arbitration proceedings, were barred by the policy's "Partial Professional Services Exclusion," which provided that Brit was not liable for any claim under the policy "for any act, error or omission in connection with the performance of any professional services by or on behalf of [ePlanning] for the benefit of any other entity or person." Arguing that the exclusion does not apply, the investors focus on their allegations in the FINRA proceedings that, after some of them had already invested their funds in the real estate venture and without their authorization, ePlanning encumbered the properties with an additional mortgage.

Brit argues that any such post-sale misconduct was "in connection with" the performance of professional services, namely the sale of securities, because there is a connection between the two: ePlanning sold interests in the properties and then proceeded to encumber them, so the post-sale misconduct was "not unrelated to the professional services that ePlanning provided." Brit's broad construction is not consistent with "the requirement that the court construe policy exclusions

3

narrowly." *Food Pro*, 169 Cal. App. 4th at 992; *see also State Farm Mut. Auto. Ins. Co. v. Partridge*, 10 Cal. 3d 94, 101 (1973). The California Court of Appeal cases cited by the investors demonstrate that "in connection with" would not be given such a broad meaning in the context of a professional services policy exclusion.

*Food Pro* recognized that there *was* a relationship between the injury and the professional services at issue, albeit an incidental one. *See Food Pro*, 169 Cal. App. 4th at 991. The existence of *some* connection was insufficient to establish that the claim in *Food Pro* was excluded. Similarly, in *North Counties Engineering, Inc. v. State Farm General Insurance Co.*, 224 Cal. App. 4th 902 (2014), there was an obvious connection between the professional services at issue, namely the insured's design of a dam, and the acts causing the damage, namely the insured's allegedly negligent construction of the dam. *Id*. at 928. Yet, the court held the professional services exclusion inapplicable. *Id*. at 927.

Brit urges that the investors' cases are inapposite because they interpreted professional services exclusions with different wording: in *Food Pro*, the clause excluded injuries "arising out of" professional services, 169 Cal. App. 4th at 981, while in *North Counties Engineering*, the clause excluded damage "due to" professional services, 224 Cal. App. 4th at 908. But the California cases treat such

4

clauses interchangeably. *North Counties Engineering*, for example, relied heavily on *Food Pro* despite the different wording at issue in those cases. *See North Counties Engineering*, 224 Cal. App. 4th at 932. Further, *Food Pro* involved language that has, in other circumstances, been interpreted expansively. *See, e.g., Acceptance Ins. Co. v. Syufy Enterprises*, 69 Cal. App. 4th 321, 328 (1999). There is no reason to think that the facially broad wording at issue in this case excludes more than the similarly broad clause at issue in *Food Pro*.

Brit also argues that, by bringing their claims in FINRA arbitration proceedings, the investors admitted that their claims were in connection with professional services. First, the FINRA rule and the professional services exclusion are worded differently. *See* FINRA Rule 12200. Second, we decline to attribute a concession regarding the question before this court to the investors' decision to include the encumbrance issue in the FINRA proceedings.

No convincing indication has been proffered that the California Supreme Court would have ruled differently in *North Counties Engineering* and *Food Pro* than did the courts of appeal. Consequently, we conclude the California Supreme Court would refuse to apply this professional services exclusion where the subsequent alleged wrongful conduct is so tenuously connected to the rendering of professional services as is the post-sale encumbrance here. As some of the

5

investors' allegations were not barred by the professional services exclusion, the exclusion did not bar the possibility of coverage.

We reject the investors' remaining contentions on appeal. We reverse the district court's dismissal of the complaint and remand for further proceedings, including consideration of the applicability of any other coverage provisions or exclusions.

**REVERSED**.