**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| DARRYN BEGUN; JAY R. BEGUN; GREG TUCKER; CONRAD HEWITT, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> SCOTTSDALE INSURANCE COMPANY, <br><br> Defendant - Appellee. | No. 13-16211 <br><br> D.C. No. 3:12-cv-03649-EDL <br><br> MEMORANDUM<sup>*</sup> |

Appeal from the United States District Court
for the Northern District of California
Elizabeth D. Laporte, Magistrate Judge, Presiding

Submitted August 14, 2015<sup>**</sup>
San Francisco, California

Before: TALLMAN and CALLAHAN, Circuit Judges, and ROSENTHAL,<sup>***</sup>
District Judge.

---

<sup>*</sup>     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

<sup>**</sup>     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

<sup>***</sup>     The Honorable Lee H. Rosenthal, United States District Judge for the Southern District of Texas, sitting by designation.

Darryn Begun, Jay R. Begun, Greg Tucker, and Conrad Hewitt ("Appellants"), former directors and officers of the now defunct Clickbooks.com, Inc., appeal the district court's denial of their motion for summary judgment and grant of Scottsdale Insurance Company's cross-motion. The central issue on appeal is whether a professional services exclusion in a Business and Management Indemnity Insurance Policy (the "Policy") barred coverage for claims in the underlying action against Appellants. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We apply California law in this diversity suit. *See Edgerly v. City & Cty. of S.F.*, 713 F.3d 976, 982 (9th Cir. 2013). The duty to defend depends on whether the insurance policy in question potentially covers the alleged liability. *See Gray v. Zurich Ins. Co.*, 65 Cal. 2d 263, 275 (1966). Appellants initially tendered their defense to Scottsdale during the pendency of the underlying action against them. The district court properly found Scottsdale had no duty to defend at that time because the claims in the underlying action centered on Appellants' personal failure, or their failure as the alter egos of Clickbooks, to render payroll services, which qualify as professional services under California law. *Cf. Tradewinds Escrow, Inc. v. Truck Ins. Exch.*, 97 Cal. App. 4th 704, 713 (2002). The claims thus arose "from the *performance* of a professional service, not merely at the same

time the insured was otherwise providing professional services to a third party."

*Food Pro Int'l, Inc. v. Farmers Ins. Exch.*, 169 Cal. App. 4th 976, 991 (2008)

(emphasis added). Therefore, the professional services exclusion barred coverage.

*See Tradewinds*, 97 Cal. App. 4th at 713. It is irrelevant whether Appellants

personally rendered these services because the underlying action alleged

deficiencies "arising out of" the failure to provide professional services. *See*

*Medill v. Wesport Ins. Corp.*, 143 Cal. App. 4th 819, 833 (2006). Scottsdale had

no duty to defend at the time of the original tender.

Appellants again tendered their defense to Scottsdale one month after the

conclusion of the underlying action. They argued extrinsic evidence obtained

during discovery in the underlying action showed that the claims against them

arose from their actions as directors and officers, not for failure to render

professional services. Even considering all the available extrinsic evidence,

Scottsdale had no duty to defend Appellants. Although the plaintiff in the

underlying action made statements about Appellants' failures as officers, he did so

to substantiate his alter ego theory, not to hold them liable in these roles.

In addition, when an insured waits to present evidence that may give rise to a

duty to defend until after the conclusion of the underlying action, an insurer is not

required to consider the evidence. The insurer may deny the re-tender based solely

on the evidence available to it during the pendency of the underlying action.  *See*

*Monticello Ins. Co. v. Essex Ins. Co.*, 162 Cal. App. 4th 1376, 1388-89 (2008).

Appellants did not present extrinsic evidence to Scottsdale until after the

conclusion of the underlying action.  Scottsdale was thus permitted to deny

Appellants' second tender—based exclusively on information contained in the

operative complaint—for the same reasons as the original tender.

**AFFIRMED.**