**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

<table>
<tr>
<td>

UNITED STATES OF
AMERICA,
      *Plaintiff-Appellee*,

v.

BEN GHEE TAN,
      *Defendant-Appellant.*

</td>
<td>

No. 20-56399

D.C. No.
8:20-cv-02165-JVS-ADS

OPINION

</td>
</tr>
</table>

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted October 6, 2021
Pasadena, California

Filed November 1, 2021

Before: Susan P. Graber, Morgan Christen, and
John B. Owens, Circuit Judges.

Opinion by Judge Graber

**SUMMARY**[*]

**Administrative Subpoena**

The panel affirmed the district court's order enforcing an administrative summons issued by the U.S. Customs and Border Protection division of the Department of Homeland Security.

Appellant Ben Tan operates businesses that import agricultural merchandise, and the director of a section within Customs that specializes in agricultural imports served him with an administrative summons to compel him to provide testimony. After Tan refused to appear, the government filed a petition in the district court to enforce the summons, as provided by 19 U.S.C. § 1510.

Tan argued that the provision in 19 U.S.C. § 1509(a)(2) – that the government provide "reasonable notice" when issuing an administrative summons for testimony – required the government to provide a notice that described with "reasonable probability" the subjects about which it intended to question the summoned person. The panel rejected Tan's interpretation. Looking at the text of the statute, the panel held – with regard to testimony – that Congress required the government to summon a person to appear "upon reasonable notice" 19 U.S.C. § 1509(a)(2), but the requirement of records being described "with reasonable specificity" only applied when the summons required the production of records. The panel rejected Tan's assertion that the court

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

borrow the requirements of Fed. R. Civ. P. 30(b)(6), which allows a party to notice the deposition of a corporation and to list proposed areas of inquiry, and further provides that such a notice must specify the areas of inquiry with "reasonable particularity."

Tan next asked the panel to consider the legislative history of § 1509. The panel held that because the statute's text was clear, they need not consider the legislative history. Nevertheless, even upon examination of the legislative history, it did not alter the panel's conclusion.

Finally, the panel examined the enforcement of the summons. In *United States v. Powell*, 379 U.S. 48 (1964), the Supreme Court – in a case concerning an Internal Revenue Service summons – articulated the substantive elements that the government must establish for enforcing a summons. The panel held that the same criteria applied to administrative summons issued by Customs. Here, Customs supported its position with a sworn declaration, on personal knowledge, from the director of the Customs section that covers agricultural imports. The record confirmed that Customs complied with all statutory criteria – for example, personal service, and details concerning the date, time and location of the interview. The panel disagreed with Tan's argument that the declaration contained too little detail to permit the district court to assess compliance with the *Powell* requirements. The panel found no precedent requiring greater detail in a testimony-only administrative summons from Customs. The panel concluded that there was no clear error in the district court's decision to enforce the summons.

**COUNSEL**

Robin R. Scroggie (argued), Los Angeles, California, for Defendant-Appellant.

William Kanellis (argued), Attorney;  Jason M. Kenner, Senior Trial Counsel; Patricia M. McCarthy, Assistant Director; Jeanne E. Davidson, Director; Brian M. Boynton, Acting Assistant Attorney General; Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.; for Plaintiff-Appellee.

**OPINION**

GRABER, Circuit Judge:

Ben Ghee Tan appeals from a district court order enforcing an administrative summons issued by the United States Customs and Border Protection division of the Department of Homeland Security ("Customs").  He argues that 19 U.S.C. § 1509(a)(2) requires that a summons to compel testimony include a detailed description of the subject matter of the investigation and the requested testimony, which the summons here did not, and that in any event Customs failed to meet the criteria for enforcement of a summons established in *United States v. Powell*, 379 U.S. 48 (1964).  We disagree with both contentions and, therefore, affirm.

Tan operates businesses that import agricultural merchandise.  The director of a section within Customs that specializes in agricultural imports served on Tan an administrative summons to compel him to provide testimony.

The summons contained no requirement that he produce records.  The summons directed Tan to appear before a specified individual at a specified place, date, and time to testify. "Your testimony . . . is required in connection with an investigation or inquiry to ascertain the correctness of entries, to determine the liability for duties, taxes, fines, penalties, or forfeitures, and/or to ensure compliance with the laws or regulations administered by [Customs] . . . ."  After Tan refused to appear, the government filed a petition in the district court to enforce the summons, as provided by 19 U.S.C. § 1510.   The district court granted the government's petition, and this timely appeal followed.

A. *Statutory Interpretation*[1]

Tan first argues that the command in 19 U.S.C. § 1509(a)(2)—that the government provide "reasonable notice" when issuing an administrative summons for testimony—requires the government to provide a notice that describes with "reasonable particularity" the subjects about which it intends to question the summoned person, so that the person can prepare ahead of time.  As always, our analysis begins with the text of the statute. *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 438 (1999).  We must construe the text in the "specific context in which that language is used, and the broader context of the statute as a whole." *J.B. v. United States*, 916 F.3d 1161, 1168 (9th Cir. 2019) (quoting *Yates v. United States*, 574 U.S. 528, 537 (2015)).

---

[1] We review de novo the district court's interpretation of statutes. *United States v. Jefferson*, 791 F.3d 1013, 1015 (2015).

Title 19 U.S.C. § 1509 provides in relevant part:

   (a) In any investigation or inquiry conducted for the purpose of ascertaining the correctness of any entry, for determining the liability of any person for duty, fees and taxes due or duties, fees and taxes which may be due the United States, for determining liability for fines and penalties, or for insuring compliance with the laws of the United States administered by the United States Customs Service, the Secretary . . . may—

   (1) examine, or cause to be examined, *upon reasonable notice*, any record . . . described in the notice *with reasonable specificity*, which may be relevant to such investigation or inquiry . . .

   . . . .

   (2) summon, *upon reasonable notice*—

   (A) the person who—

   (i) imported, or knowingly caused to be imported, merchandise into the customs territory of the United States, . . .

   . . . .

   (B) any officer, employee, or agent of any person described in subparagraph (A); [or]

. . . .

(D) any other person he may deem proper;

to appear before the appropriate customs officer at the time and place within the customs territory of the United States specified in the summons (except that no witness may be required to appear at any place more than one hundred miles distant from the place where he was served with the summons), to produce records, as defined in subsection (d)(1)(A), and to give such testimony, under oath, as may be relevant to such investigation or inquiry; and

(3) take, or cause to be taken, such testimony of the person concerned, under oath, as may be relevant to such investigation or inquiry.

. . . .

(c) A summons issued pursuant to this section may be served by any person designated in the summons to serve it. . . . *When the summons requires the production of records, such records shall be described in the summons with reasonable specificity.*

*Id.* (emphases added.)

It is clear from the foregoing text that Congress requires two things when Customs summons the production of

records:  "reasonable notice" of the examination of records and "reasonable specificity" in the description of the records sought.  *Id.* § 1509(a)(1).  But Congress requires only one of those things with regard to testimony:  the government may summon a person to appear "upon reasonable notice."  *Id.* § 1509(a)(2).  Subsection 1509(c) emphasizes the same distinction by mandating a description of records "with reasonable specificity" only "[w]hen the summons requires the production of records."  We must give effect to that textual difference. *See Russello v. United States*, 464 U.S. 16, 23 (1983) ("[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." (brackets in original) (internal quotation marks omitted)).  Tan's reading would ignore the different wording of the two related provisions.

   Tan's proposed interpretation suffers from an additional flaw.  We "strive to give meaning to every word in a statute and to avoid constructions that render words, phrases, or clauses superfluous."  *Edgerly v. City & Cnty. of San Francisco*, 713 F.3d 976, 984 (9th Cir. 2013) (internal quotation marks omitted).  As just noted, Customs may "examine, or cause to be examined, *upon reasonable notice*, any record . . . described in the notice *with reasonable specificity* . . . ."  § 1509(a)(1) (emphases added).  If "reasonable notice" encompassed "reasonable specificity," the clause concerning reasonable specificity would serve no function.  And even though the testimonial provision appears in paragraph (a)(2), rather than in paragraph (a)(1), a statutory phrase "ordinarily retain[s] the same meaning wherever used in the same statute."  *Nat'l Aeronautics & Space Admin. v. Fed. Labor Rels. Auth.*, 527 U.S. 229, 235 (1999).

Tan also asserts that we should borrow the requirements of Federal Rule of Civil Procedure 30(b)(6), which allows a party to notice the deposition of a corporation and to list proposed areas of inquiry. Such a notice must specify the areas of inquiry with "reasonable particularity." *Id.* We decline Tan's invitation for three reasons. First, the Rules of Civil Procedure do not apply to, or supplant, the complete and self-contained statutory process that Congress established in § 1509. Second, Rule 30(b)(6) uses the phrase "reasonable particularity," which is notably absent from § 1509(a)(2) and is, instead, akin to "reasonable specificity," which is found only in §§ 1509(a)(1) and 1509(c). Third, the purpose of the requirement in Rule 30(b)(6) is to help a *corporation* identify an appropriate representative to attend the deposition; there is no similar uncertainty when an *individual* receives a summons to testify.[2]

After carefully examining the statutory text of § 1509(a)(2) in context, we conclude that "reasonable notice" is a temporal requirement; an interviewee must have sufficient time to arrange to attend the interview. *Cf. J.B.*, 916 F.3d at 1167–68 (discussing the temporal nature of a "reasonable notice in advance" provision).[3] By contrast, "reasonable specificity" in § 1509 is a substantive requirement. Cases such as *United States v. Rubin*, 2 F.3d 974 (9th Cir. 1993), on which Tan relies, pertain to

---

[2] Tan argues, in addition, that he is a third-party recordkeeper. But he clearly does not meet the definition found in 19 U.S.C. § 1509(d), because he is not a customhouse broker who is not an importer; a lawyer; or an accountant.

[3] Tan does not argue that he failed to receive "reasonable notice" in that sense.

enforcement of a summons seeking records and are thus inapt.

Tan next asks us to consider the legislative history of § 1509. Because the statute's text is clear, we need not do so. *See Chamber of Com. of the U.S. v. Whiting*, 563 U.S. 582, 599 (2011) ("Congress's authoritative statement is the statutory text, not the legislative history." (internal quotation marks omitted)).

Even when we examine legislative history, though, it does not alter our conclusion. We have found only two potential clues to the meaning of the disputed phrase, and neither undermines our analysis.

First, Tan cites a small portion of testimony by Commissioner of Customs Robert E. Chasen before the House Ways and Means Committee in 1977. The committee was considering proposed amendments to 19 U.S.C. § 1509, which resulted in the statutory phrases that we are considering. *Customs Procedural Reform Act of 1977: Hearings on H.R. 8149 and H.R. 8222 Before the Subcomm. on Trade of the H. Comm. on Ways & Means*, 95th Cong., First Session (1977). Commissioner Chasen said, among other things, that "[i]mporters will, under the administrative subpoena provided for in section 509, be specifically advised of the information sought from them." *Id.* at 53 (statement by Robert E. Chasen, Commissioner of Customs). But Commissioner Chasen primarily discussed records and record-keeping, not testimony. *Id.* at 52–53. Accordingly, the quoted comment cannot reasonably be understood to refer to a summons for testimony only; at a minimum, the comment is ambiguous.

Second, the committee received two suggestions that, in the provision dealing with a summons for testimony, another requirement be added. *Id.* at 282 (statement of William G. Pennell, Chair of the Nat'l Comm. on Int'l Trade Documentation, "[w]e suggest the following additional phrase be included in Sub-Section 509(a)(2): [i]mmediately following 'upon reasonable notice' the phrase 'and with reasonable specificity' be added"); 338 (statement of the JFK Airport Customs Brokers Assoc., Inc. that "[i]n addition to reasonable notice, the person summoned should be given an indication of the purpose of the investigation or inquiry"). One of the commenting parties reasoned that such an addition would prevent fishing expeditions by Customs investigators and that the person summoned would come to the interview better prepared. *Id.* at 338. The Chair of the House Ways and Means Committee raised this issue and received the following response from a member of the committee: "Mr. Chairman, in [section 1509(c)], there is a requirement that the summons require the production of records and such records will be described in the summons with reasonable certainty. So it seems to me we have already covered that point." *Id.* at 534–35. The discussion stopped there. Reasonable specificity with respect to records was retained; reasonable specificity with respect to testimony was not added. That colloquy points in two directions. On the one hand, it could suggest that a specificity requirement with respect to a summons for testimony was missing, was considered, and was rejected. On the other hand, the discussion reveals that one legislator may have viewed the specificity requirement in what became § 1509(c) as sufficient to cover a summons for testimony.

The committee's brief discussion does not support Tan's position. At most, one legislator seems to have thought that

the specificity requirement would apply to a summons for testimony.  But "remarks of a single legislator, even the sponsor, are not controlling in analyzing legislative history," *Chrysler Corp. v. Brown*, 441 U.S. 281, 311 (1979), particularly when made in a committee hearing and not in a floor debate where Congress as a whole could consider the remarks.  Even "floor statements by individual legislators rank among the least illuminating forms of legislative history."  *N.L.R.B. v. SW Gen., Inc.*, 137 S. Ct. 929, 943 (2017).  Most importantly, the committee's discussion could just as easily support our view of the statute, because the possibility of adding a specificity requirement for testimony was broached, but the requested text was not added.  "[E]ven those of us who believe that clear legislative history can illuminate ambiguous text won't allow ambiguous legislative history to muddy clear statutory language."  *Azar v. Allina Health Servs.*, 139 S. Ct. 1804, 1814 (2019) (internal quotation marks omitted).

Finally, Tan argues that we should interpret the statute to contain identical notice requirements for testimony and records because there is no principled reason to distinguish between testimony and records.  We are unpersuaded for two reasons.  First, that is a policy judgment for Congress, not us, to make.  Second, Congress could have reasoned that different practical burdens attach to the different kinds of summonses.  An importer may possess four million documents, and the importer may have no easy way to figure out which ones may be relevant to the investigation and which ones to produce.  By contrast, an individual who is asked to testify simply needs to show up and answer truthfully (or refuse to answer on Fifth Amendment grounds) the questions asked, from personal knowledge, which the individual always possesses.  Moreover, because the purpose

of the interview is investigative, specificity ahead of time could hinder the investigation by either encouraging evasion or foreclosing the pursuit of new, relevant avenues of inquiry that come to light during questioning.

B. *Enforcement of the Summons*[4]

Proceedings to enforce a summons are "summary in nature." *United States v. Derr*, 968 F.2d 943, 945 (9th Cir. 1992) (internal quotation marks omitted). To obtain a court order enforcing an administrative summons, the government need only make a *prima facie* case for enforcement, which it may do by submitting a declaration from the investigating agent. *See Crystal v. United States*, 172 F.3d 1141, 1143–44 (9th Cir. 1999) (discussing elements necessary for government to seek enforcement of a summons). Once the government establishes a *prima facie* case, the person opposing the summons shoulders a "heavy burden" to "disprove" the government's showing. *Id.* at 1144.

The Supreme Court in *Powell* articulated the substantive elements that the government must establish. 379 U.S. at 57–58 . And, although *Powell* concerned a summons from the Internal Revenue Service, courts have applied the same criteria to administrative summonses issued by Customs. *See, e.g.*, *United States v. Frowein*, 727 F.2d 227 (2d Cir. 1984). We, too, conclude that *Powell* applies. Customs "must show that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within

---

[4] We review for clear error the district court's ruling that the government has met the requirements to enforce a summons. *United States v. Blackman*, 72 F.3d 1418, 1422 (9th Cir. 1995).

[Customs'] possession, and that the administrative steps required by the [statute] have been followed." *Id.* at 230 (quoting *Powell*, 379 U.S. at 57–58).

Here, Customs supported its petition with a sworn declaration, on personal knowledge, from the director of the Customs section that covers agricultural imports. She stated, under oath, that (1) Customs was engaged in an ongoing investigation into whether Tan and companies that he owned, operated, or controlled had complied with customs laws; (2) Customs did not already possess the information sought; and (3) Customs complied with each of the procedural requirements of 19 U.S.C. § 1509(c) and 19 C.F.R. § 163.7.

The record confirms that Customs complied with all statutory criteria, for example, personal service (acknowledged by Tan's signature) and details concerning the date, time, and location of the interview. Indeed, Tan did not attempt in the district court to refute any fact contained in the declaration. Instead he argues that the declaration contains too little detail to permit the district court to assess compliance with the *Powell* requirements. We disagree. The declaration explains, among other things, that Tan and companies that he owns and operates import merchandise and may have violated 19 U.S.C. § 1592 pertaining to the payment of duties. The declaration describes that the information sought in Tan's testimony includes information about those companies' business practices and importations, as well as the identity of decision-makers on matters pertaining to importation of merchandise into the United States. Tan cites, and we have found, no precedent requiring

greater detail in a testimony-only administrative summons from Customs. For all those reasons, we see no clear error in the district court's decision to enforce the summons.

**AFFIRMED.**